By the Court.
 

 While there are minor differences between the facts in this matter and those in the case of
 
 Snyder
 
 v.
 
 Ridge Hill Memorial Park, supra,
 
 the principle of law involved is the same.
 

 It is unnecessary to more than merely summarize the multitude of facts shown by the record. With reference to the questioned contract of 1919, the Court of Appeals makes the following pertinent observation:
 

 “ So that we are presented with the picture of Boss ' Taylor, a trustee and general manager of the association, acquiring a land contract for ninety-three acres for cemetery purposes from Stecher. Taylor assigns this contract to the company through Graber, Kyle, Bow and Thorne, for the acquisition of which land the company obligated itself to pay $90,000. The association entered into a contract to purchase this same land from the company for the sum of $500,000 to be used for cemetery purposes. Disregarding for the moment the legal conclusion in respect to this set-up, we have the company on the one hand officered by C. E. Kyle as secretary of both companies, and the directors made up of either men who are trustees of the association, or their wives and relatives. On the other hand we have thé association officered entirely by the same four men individual defendants with Taylor as constituting the full board of trustees. It would appear that the association by its officers entered into a contract for the purchase of land from the company
 
 *659
 
 which in fact and in effect was a purchase from themselves, although under the cloak and apparent protection of separate corporate entities.”
 

 The court states also that the sole excuse for the existence of the Rocky River Land Company “was to serve as a conduit for funds of the association into the hands of G-raber, Kyle, Bow and Thorne.”
 

 With reference to the contract of 1931, the court concludes:
 

 “It is our conclusion that this contract to pay the company fifty per cent of the income of this association is- illegal and void and in fraud of the rights of the lot owners in this cemetery and should be can-celled; that the lands covered by the Stecher contract less the acreage released to Stecher, should be quieted in the association; that the officers of the association be enjoined from any further distribution to anyone except for the purposes enumerated and so defined in the statutes; that an accounting be had to ascertain and determine the amount of money received by each of the individual defendants representing profits to them out of the funds of the association for which sums the association be awarded judgment against such defendants in such amounts as each illegally received, and that the cause be retained to await the result of such accounting.”
 

 The conclusions of the Court of Appeals are fully sustained by the record, and the decree must be affirmed.
 

 Decree affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Whjjams, Myers, Matthias and Hart, JJ., coucur.